## William Johnson v. The State.

1. Indictment—Certainty Required.—The certainty required in indictments is such as to enable the accused to plead the judgment given upon it in bar of any subsequent prosecution for the same offense. The offense must be stated in plain and intelligible words, but it is not necessary to state anything that it is not necessary to prove.

2. Indictment—Intent.—When a particular intent is a material fact in the description of an offense it must be stated in the indictment; but where the intent is to defraud it is not necessary to name the person intended to be defrauded.

3. Evidence.—One of the defenses in this case was that, at the time of the commission of the offense charged, the defendant's mind was so beclouded by the excessive use of intoxicating liquors as to render him incapable of forming the felonious intent charged in the indictment. On the trial the defendant offered to prove his general character for many weeks previous to the commission of the offense charged. This the court below refused to permit him to do. *Held,* error. It must be supposed that the offer to prove general character was with reference to matters undergoing investigation, and that the accused either sought to establish a character for honesty, or that his intention was to confine the inquiry to his general condition for several weeks previous to the commission of the offense charged, as bearing on his mental condition at the time of the commission of the offense. This he should have been permitted to do, the court confining the inquiry to the matter in issue.

Appeal from the District Court of Bexar. Tried below before the Hon. James A. Ware.

The appellant in this case was indicted by the grand jury of Bexar county, on the 20th day of July, 1875, on a charge of burglary. A copy of the charging part of the indictment will be found in the opinion of the court. The defendant filed the following exceptions to the indictment:

1st. The indictment is too vague, general, uncertain, and indefinite to hold the defendant to further answer.

2d. It does not appear upon the face of the indictment that any offense against the law of this state has been committed by the defendant.

3d. The indictment does not charge that the defendant entered the house without the consent of the owner.

4th. The indictment is indefinite in charging the time of the intended commission of the offense, if any.

5th. The indictment does not charge that the defendant remained concealed in the house until night.

6th. The indictment does not charge that the defendant intended to commit a felony by breaking.

These exceptions to the indictment were all overruled, to the overruling of which defendant duly excepted.

The defendant also complained of numerous other rulings of the court below, on the trial of this cause, both with reference to its rulings on questions of evidence, and with reference to charges given and refused; but, as the case is disposed of without reference to them, it can subserve no good purpose to state them.

It appears from the statement of facts that, in the daytime, on the 12th of July, 1875, the defendant, apparently in a drunken condition, was seen to enter the dwelling-house of one Mayer, one side of which fronts on Market street, in the city of San Antonio, Texas. He was first seen coming down the street, staggering; on arriving at a post near Mayer's house he stopped and leaned up against it; he had the appearance of being drunk. In a short while he stepped up on the sidewalk in front of the house, and walked past the first door to the second door, turned the shutters and looked in; he then passed on to a window and looked into it, after which he passed on to another door, then turned back to the door into which he had first looked and opened the outside Venetian blinds, which were not locked. He then opened the upper panel of an inside panel door, and stepped over the lower panel into the house. The witness who had seen defendant enter informed one of Mayer's servants of the fact, and, almost immediately thereafter, this witness and the owner of the house, and some

other parties, entered the house and, after a short search, found the defendant lying under a bed, with his face towards the wall and his eyes closed. Defendant was dragged out on to the sidewalk, and the police whistled for, when defendant arose from the sidewalk, walked across the street and leaned up against a wall for about a minute, as one of the witnesses testified, and then, after looking around in all directions, ran down Market street. The police coming up arrested him, and he was lodged in jail. The evidence shows that defendant was in the house only from about three to five minutes. It was also in evidence that defendant had been put out of a restaurant that morning because of his being drunk and upsetting dishes. After defendant was lodged in jail a large knife was found under a blanket near him, but there is no evidence as to whom the knife belonged, nor does it appear how long after he was put in jail before the knife was found.

*Ogden & Ogden*, for the appellant, filed a very able brief, discussing both the legal questions arising on the exceptions to the indictment and the rulings of the court below on the questions of evidence, and the charges given and refused, as well as the facts of the case, but space can be spared only for that portion of their argument in support of their exceptions to the indictment, which portion is as follows :

It is respectfully submitted that the indictment presented against the appellant is defective, and the exceptions thereto should have been sustained by the lower court. The gravamen of the charge, in cases of this and the like character, is the intent, and it should be specifically and definitely charged. 1 Bishop on Cr. Law, 342, 343, 345 ; Archb. Cr. Pl. 308 ; *State* v. *West*, 35 Texas, 91 ; Pasc. Dig. 2866 ; *Marshall* v. *The State*, 31 Texas, 474 ; *The State* v. *Nations*, 31 Texas, 563. The indictment charges that defendant

"did enter with actual force, in the day-time, the dwelling-house and residence of Samuel Mayer, and conceal himself, without the consent of the said Samuel Mayer, and with the fraudulent and felonious intent to steal." We submit that the language above quoted does not, in plain and intelligible words, charge the defendant with breaking and entering with intent to steal, or to commit any felony, but rather charges him with concealing himself with intent to steal. If a person enters a house by breaking, with no intention to commit a felony, but, after he has entered, forms the intent to steal, he is not guilty of burglary, as the intent to steal must be concurrent with the breaking and entry. 1 Bishop on Cr. Law, 342; *State* v. *West*, 35 Texas, 91; Bishop on Cr. Pro. 521, 522; Starkie on Cr. Pl. (2d ed.) 177. In burglary the intent must not only be definitely and specifically charged, but must be proved as charged. Archb. Cr. Pl. 49, 104, 109. As the indictment in this case was, to say the least, too indefinite and vague in charging the intent, we claim that the exceptions should have been sustained and the indictment quashed. There is no connection of time in the charge of entry and the intent to steal, but simply that he entered and concealed himself, and with intent to steal. The repetition of the conjunction destroys the connection of time, and we are left to conjecture whether he entered with the intent, or concealed himself with the intent, or whether the intent was formed at any former or subsequent time.

*A. J. Peeler*, Assistant Attorney General, for the State.

WINKLER, J.   This is an appeal from the district court of Bexar county, where the appellant was tried on a charge of burglary, and his punishment fixed at confinement in the state penitentiary for a period of three years.

On the trial in the district court the defendant excepted to the sufficiency of the indictment on several grounds, set out in the record. These exceptions were overruled, and the defendant took a bill of exceptions to the ruling, and also made it a ground in his motion for a new trial, and assigns it as error, and, therefore, we are called on to pass upon the sufficiency of the indictment.

In order that we may be clearly understood, we copy here the charging part of the indictment, which is as follows : "That William Johnson, on the twelfth day of the month of July, in the year of our Lord one thousand eight hundred and seventy-five, in said county of Bexar and state of Texas, unlawfully, fraudulently, forcibly, feloniously, and burglariously did break and enter, with actual force, in the daytime, the dwelling-house and residence of Samuel Mayer, and conceal himself, without the consent of the said Samuel Mayer, and with the fraudulent and felonious intent to steal, take, and carry away from the possession of said Samuel Mayer one suit of black broadcloth clothes of the value of fifty dollars, and one black alpaca dress of the value of twenty-five dollars, in all of the value of seventy-five dollars, the property of the said Samuel Mayer, without the consent of the said Samuel Mayer, and with the fraudulent and felonious intent to deprive him, the said Samuel Mayer, of the value of said property, and with the fraudulent and felonious intent to appropriate the same to the use of him, the said William Johnson, contrary," etc.

We have examined the able written argument and brief of authorities presented by counsel for appellant, and have failed of arriving at the same conclusions. By a comparison of the indictment with the requirements of our Penal Code, as to what it takes to constitute a good bill of indictment, we conclude the grounds of objection are not tenable.

The requirements of the statute are that "the offense

must be set forth in plain and intelligible words." Code Cr. Pro., Art. 395 ; Pasc. Dig., Art. 2863.

It is not necessary to state in an indictment anything which it is not necessary to prove. Pasc. Dig., Art. 2864.

The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. Pasc. Dig., Art. 2865.

When a particular intent is a material fact in the description of the offense, it must be stated in the indictment. But in any case where an intent to defraud is required to constitute an offense, it shall be sufficient to allege an intent to defraud, without naming therein the particular person intended to be defrauded. Pasc. Dig., Art. 2866. Now, whilst it is provided by Article 724 of the Penal Code (Pasc. Dig., Art. 2359) that to enter a house during the day, and remain concealed therein until night, with intent to commit a felony, would be burglary, the succeeding Article is as follows : " He is also guilty of a burglary who, with intent to commit a felony, by breaking, enters a house in the day-time." Art. 2360.

By comparing and testing the indictment in this case by several provisions of the penal laws of the state, it must be apparent that the indictment sets forth plainly the act alleged, as well as the intent with which it is alleged to have been committed, with all the particularity the law requires, and on this account the verdict will not be disturbed.

It will be seen by an examination of this case, as shown by the record, that the question was raised on the trial as to whether the defendant's mind, at the time he entered the house of Samuel Mayer, was not so much beclouded by the excessive use of intoxicating liquor as to render him incapable of forming the felonious intent charged in the indictment. Evidence was admitted and a charge given on the subject, and apparently in this connection, as shown by bill

of exceptions, defendant "offered to prove the general character of the defendant for many weeks previous to the alleged commission of the offense charged." It must be supposed that the offer to prove the general character of the accused was made with reference to the matter undergoing investigation, and that he either sought to establish a character for honesty, or that it was his intention to confine the inquiry to his general condition "for several weeks previous to the alleged commission of the offense charged," as bearing on his mental capacity at the time it is alleged the offense was committed. On a charge of theft from a house, if the testimony was not of a convincing character, the accused, we think, was entitled to prove, if he could, a good character for honesty, and should have been allowed the opportunity—the court, of course, directing the inquiry to the particular matter in issue.

The language in the bill of exceptions is not very explicit, yet, when the subject is viewed in the light of the evidence admitted, as shown by the statement of facts, we are of opinion the accused was entitled to have the benefit of the testimony offered, the examination being restricted by the judge as above indicated.

We have not passed on other exceptions taken or errors assigned, but must be permitted to say, in connection with the foregoing, that the evidence of a felonious intent in entering the house is not altogether satisfactory; and, believing that the court erred in rejecting the offered evidence as above stated, and in refusing a new trial, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*